UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSE VARGAS,
        Plaintiff,
   v.
THE CITY OF NEW YORK,                    **COMPLAINT**
NEW YORK CITY POLICE OFFICER
BRIAN GRECO, Shield # 27356,
Manhattan Gang Unit,
NEW YORK CITY POLICE OFFICER
CRUZ. Shield # 2652,
Manhattan Gang Unit,
        Defendants.
---------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiff, JOSE VARGAS, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in

1

this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a jury trial on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

## PARTIES

7. The Plaintiff, JOSE VARGAS, is a United States Citizen, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER BRIAN GRECO, Shield Number 27356, and NEW YORK CITY POLICE OFFICER CRUZ, Shield Number 2652, upon information and belief of the MANHATTAN GANG UNIT, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE OFFICER BRIAN GRECO, NEW YORK CITY POLICE OFFICER CRUZ are sued individually and in their official capacity. At all times relevant, Defendants NEW YORK CITY POLICE OFFICER GRECO and CRUZ were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE OFFICER GRECO and NEW YORK CITY POLICE OFFICER CRUZ, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as

Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK, and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

11. On January 10, 2015 at approximately 9:30 p.m. the Plaintiff left his residence on the way to a store when he bumped into a friend at the corner of West 170th Street and Audobon Avenue in New York County. The Plaintiff, now accompanied by his friend, proceeded to walk to the store, which was located approximately half a block away. The Plaintiff and his friend went into the store, where the Plaintiff proceeded to buy a soda. While inside the store, the Plaintiff saw his wife's friend as well as store employees that Plaintiff knew from prior occasions patronizing the establishment. While the Plaintiff and his friend were buying their sodas, Defendant NEW YORK CITY POLICE OFFICER BRIAN GRECO, Shield Number 27356 and Defendant NEW YORK CITY POLICE OFFICER CRUZ, Shield # 2652 of the Manhattan Gang Unit entered the store and proceeded to violently grab the Plaintiff by the chest and arm and push Plaintiff towards the back of the store. Defendant OFFICER GRECO then handcuffed the Plaintiff, who was asking both Defendant Officers in sum and substance:

3

"what's going on?', as the Defendant Officers did not identify themselves and were not in uniform.   In response to the Plaintiff's question, Defendants NEW YORK CITY POLICE OFFICERS GRECO and CRUZ told the Plaintiff to "shut up".   Defendants NEW YORK CITY POLICE OFFICERS GRECO and CRUZ proceeded to search the Plaintiff in view of the workers in the store and in front of the Plaintiff's wife's friend, who were still in the store when the Defendant Officers arrested the Plaintiff.  The Plaintiff and his friend were then held outside of the store in handcuffs while several of Plaintiff's neighbors and employees of the restaurant next door, who are known to the Plaintiff, observed the Plaintiff, causing considerable embarrassment and humiliation to the Plaintiff.  The Plaintiff was subsequently taken to the 33rd Precinct where he was subjected to a strip search by Defendant NEW YORK CITY POLICE OFFICERS GRECO and CRUZ.  The Plaintiff was eventually transported from the 33rd Precinct to Central Booking, and then the Courthouse, where he was eventually released on his own recognizance after being held in custody for over twenty four hours.  The Plaintiff was required to make approximately several Court appearances before the criminal case against him was dismissed by THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE.

**FIRST FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search and Strip Search**

12. The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, on January 10, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER BRIAN GRECO and Defendant NEW YORK CITY POLICE OFFICER CRUZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching the Plaintiff without lawful reason or cause.

14. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE BRIAN GRECO and Defendant NEW YORK CITY POLICE OFFICER CRUZ occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and The Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

15. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, on January 10, 2015 the conduct of Defendant NEW YORK CITY POLICE OFFICER BRIAN GRECO and Defendant NEW YORK CITY POLICE OFFICER CRUZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully placing Plaintiff under arrest without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY POLICE OFFICER BRIAN GRECO and Defendant NEW YORK CITY POLICE OFFICER CRUZ, occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Malicious Prosecution**

18. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, between January 10, 2015 and January 5, 2016 the conduct of Defendant NEW YORK CITY POLICE OFFICER BRIAN GRECO and Defendant NEW YORK CITY POLICE OFFICER CRUZ, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, and maliciously failing to inform members of THE NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE that the Plaintiff was not found in possession of any Marijuana as alleged by Defendant NEW YORK CITY POLICE OFFICERS GRECO and CRUZ for no lawful reason or cause.

20. That the actions of Defendant NEW YORK CITY POLICE OFFICER BRIAN GRECO and Defendant NEW YORK CITY POLICE OFFICER CRUZ occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

21. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. That on January 10, 2015, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER BRIAN GRECO, which resulted in the unlawful search, detention and arrest of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

23. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That on December 26, 2014, the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER CRUZ, which resulted in the unlawful search, detention and arrest of the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

25. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That on January 10, 2015 the Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER BRIAN GRECO, resulting in the unlawful search, detention and arrest of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

### FOURTH STATE LAW CLAIM

27. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That on January 10, 2015, the Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK POLICE OFFICER CRUZ, resulting in the unlawful search, detention, and arrest of the Plaintiff, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

WHEREFORE, the Plaintiff demands the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant NEW YORK CITY POLICE OFFICER BRIAN GRECO and Defendant NEW YORK CITY POLICE OFFICER CRUZ.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiff is entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

/S/

_____

Dated: December 29, 2017  
New York, NY

VICTOR M. BROWN, ESQ.  
(VB-5289)  
11 Park Place, Suite 1100  
New York, NY 10007  
(212) 227-7373